```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                           TAMPA DIVISION
```

M.M., a minor, and,
ASHLEY MCDOWEL,

    Plaintiffs,
v.                                    Case No. 8:21-cv-1206-VMC-AAS

THE UNITED STATES
OF AMERICA,

    Defendant.
_____/

## ORDER APPROVING SETTLEMENT INVOLVING A MINOR

This matter comes before the Court pursuant to Plaintiffs M.M. and Ashley McDowel's unopposed Motion to Approve Minor Settlement (Doc. # 33), filed on September 21, 2022. The Court grants the Motion as follows.

## Discussion

This is a medical malpractice action filed pursuant to the Federal Tort Claims Act against the United States as a result of injuries suffered by M.M., a minor child. (Doc. # 1). The parties have reached a settlement agreement in this case. (Doc. # 36 at 4).

This case arises solely under federal law, with the matter being instituted in federal court. (Doc. # 1). However, federal law is silent on the standard that the Court should employ in determining whether to approve a settlement

1

agreement involving a minor. Meyers v. U.S., No. 6:13-cv-1555-CEM-TBS, 2014 WL 5038585, at *3 (M.D. Fla. Sept. 29, 2014). "When confronted with a gap in a federal statutory scheme, federal courts may, depending on the circumstances, choose to adopt state law rather than craft a uniform federal rule." Id. Courts in this District have elected to apply Florida Statutes Section 744.387(3)(a) to assess settlement agreements involving a minor when the claims arise under federal law. See Id. at *4-5 (approving settlement agreement involving a minor where the case arose under the Federal Tort Claims Act); see also L.M.P. v. NBCUniversal Media, LLC, No. 6:13-cv-863-CEM-GJK, 2014 WL 5038524, at *2 (M.D. Fla. Oct. 3, 2014) (approving settlement of claims involving a minor pursuant to Section 744.387(3)(a), including claims arising under the ADA).

The Court thus follows Section 744.387(3)(a), which "requires the approval of the settlement of an action brought on behalf of a minor by the court having jurisdiction of the action." Court approval of a settlement agreement involving a minor requires a determination that "the settlement will be for the best interest of the ward." Fla. Stat. § 744.387(1).

The Court has appointed a guardian ad litem to represent the interests of M.M. in accordance with Federal Rule of Civil

Procedure 17(c). (Doc. # 29). The parties have reached a settlement in this action. (Doc. # 33). The Court has reviewed the settlement agreement and other relevant documents. (Doc. ## 33; 36). Furthermore, Michael A. Tonelli, the guardian ad litem appointed in this action, has approved the settlement agreement. (Doc. # 36). Based on a review of the settlement agreement and the guardian ad litem's report, the Court finds that the proposed settlement will be in the best interest of the minor child.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiffs M.M. and Ashley McDowel's unopposed Motion to Approve Minor Settlement (Doc. # 33) is **GRANTED**. The Court approves the settlement as submitted.

**DONE and ORDERED** in Chambers in Tampa, Florida, this 23rd day of November, 2022.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

3